FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 14, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

KATHLEEN JOY YALLUP,

                          Defendant.

No.   1:20-cr-02005-SMJ

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR A NEW TRIAL**

Before the Court are Defendant's Motion for Judgment of Acquittal and Motion for a New Trial, ECF No. 169. Defendant argues that the Government presented insufficient evidence to prove beyond a reasonable doubt that she intentionally caused bodily harm to the victim. Defendant also claims that justice requires the Court to grant her a new trial because there is minimal evidence to support the Government's theory that she stabbed the victim because she was angry with him. This Court denies both motions.

## BACKGROUND

A jury found Defendant guilty of Assault with a Dangerous weapon under 18 U.S.C. § 113(a)(3) as charged in the Indictment. ECF Nos. 1, 160. At the close of the Government's case-in-chief and again at the close of her own case-in-chief,

Defendant moved for a Judgment of Acquittal under Federal Rule of Criminal Procedure 29. Tr. (Apr. 20–21, 2021) at 172–74, 351–52. The Court denied both motions. *Id.*

## LEGAL STANDARD

### A.    Motion for Judgment of Acquittal

Within fourteen days after the jury returns a guilty verdict, a criminal defendant may move for a judgment of acquittal or renew such a motion made before the jury began deliberations.[1] Fed. R. Crim. P. 29(c)(1). The Court must enter a judgment of acquittal if "the evidence [was] insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant's motion for acquittal should be granted if no rational trier of fact could find the essential elements beyond a reasonable doubt after viewing the evidence in the light most favorable to the government." *United States v. Lucas*, 963 F.2d 243, 247 (9th Cir. 1992) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

This standard gives the jury "broad discretion in deciding what inferences to draw from the evidence presented at trial." *Coleman v. Johnson*, 566 U.S. 650, 655 (2012). It requires only that "jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Jackson*, 443 U.S. at 319). In evaluating the

---

[1] The Court granted Defendant an extension of time to file these motions. *See* ECF No. 167; *see also* Fed. R. Crim. P. 33(b)(2).

sufficiency of the evidence, the Court does not weigh the evidence or assess the credibility of witnesses; instead, it determines whether a rational juror could have found the essential elements of the offense proven beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc).

## B. Motion for New Trial

Upon a motion from the defendant, the Court may vacate any judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992). The Court need not view the evidence in the light most favorable to the Government, and it may weigh the evidence and consider the credibility of witnesses. *Id.* Still, respect for the jury's role counsels against ordering a new trial except in "exceptional cases." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (quoting 2 Wright, Federal Practice and Procedure, Criminal § 553 at 487 (1969)). If, after evaluating the evidence, the Court determines that "a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Alston*, 974 F.2d at 1211–12.

//

//

# DISCUSSION

## A. Assault with a Dangerous Weapon

Defendant argues that the Government presented insufficient evidence to prove beyond a reasonable doubt that she intentionally caused bodily harm to the victim, considering the history of trauma between her and the victim and that she suffers from Post-Traumatic Stress Syndrome, among other things. *See generally* ECF No. 169. This Court disagrees.

For a jury to convict Defendant of Assault with a Dangerous Weapon, the Government had to prove each of the following elements beyond a reasonable doubt: (1) Defendant assaulted the victim by intentionally striking him; (2) Defendant acted with the intent to do bodily harm to the victim; (3) Defendant used a dangerous weapon; (4) the assault occurred in Parker, Washington, within the exterior boundaries of the Yakama Nation Indian Reservation, in Indian Country; and (5) Defendant is an Indian. ECF No. 157 at 4. The parties stipulated that elements four and five were met beyond a reasonable doubt. *See id*.

Viewing the evidence in the light most favorable to the Government, the Court finds that a rational jury could have found that Defendant assaulted the victim by intentionally striking him, Defendant acted with the intent to do bodily harm to the victim, and Defendant used a dangerous weapon; the Government thus proved all the disputed, essential elements beyond a reasonable doubt. *See Lucas*, 963 F.2d

at 247. Nor was there any "serious miscarriage of justice." *See Alston*, 974 F.2d at 1211–12. The Court thus declines to enter a judgment of acquittal or grant Defendant a new trial.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion for Judgment of Acquittal and Motion for a New Trial, **ECF No. 169**, are **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 14th day of July 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge